**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4273**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

STANISLAV STEVEN YELIZAROV,

        Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore. Marvin J. Garbis, Senior District Judge. (1:16-cr-00309-MJG-1)

Submitted: July 23, 2020                Decided: August 13, 2020

Before GREGORY, Chief Judge, MOTZ, and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Christopher M. Davis, Mary E. Davis, DAVIS & DAVIS, Washington, D.C., for Appellant. Robert K. Hur, United States Attorney, Daniel A. Loveland, Jr., Assistant United States Attorney, Paul E. Budlow, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Stanislav Steven Yelizarov pleaded guilty, without the benefit of a written plea agreement, to discharging a firearm during a crime of violence and causing the death of a person through the use of the firearm where the killing is murder, in violation of 18 U.S.C. § 924(c), (j)(1) (2018). On appeal, Yelizarov contends that the district court abused its discretion by denying his motion to withdraw his guilty plea and that Hobbs Act robbery, in violation of 18 U.S.C. § 1951 (2018), is not a valid predicate offense to support a § 924(c) conviction. We affirm.

We review a district court's denial of a defendant's motion to withdraw his guilty plea for abuse of discretion. *United States v. Nicholson*, 676 F.3d 376, 383 (4th Cir. 2012). A criminal defendant may withdraw a plea after a court has accepted it if he "can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). A defendant does not have an absolute right to withdraw a guilty plea, *United States v. Walker*, 934 F.3d 375, 377 n.1 (4th Cir. 2019), and he "bears the burden of demonstrating that withdrawal should be granted," *United States v. Thompson-Riviere*, 561 F.3d 345, 348 (4th Cir. 2009) (internal quotation marks omitted).

A district court considers a variety of factors when deciding whether the defendant has met his burden, including: (1) whether he provided credible evidence that his plea was not knowing or voluntary, (2) whether he credibly asserted his legal innocence, (3) whether there was a delay between entering the plea and moving for withdrawal, (4) whether he had close assistance of competent counsel, (5) whether the withdrawal of the plea would prejudice the government, and (6) whether the withdrawal would inconvenience the court

2

and waste judicial resources. *United States v. Moore*, 931 F.2d 245, 248 (4th Cir. 1991). We have thoroughly reviewed the record and the relevant legal authorities and conclude that the district court did not abuse its discretion in denying Yelizarov's motion to withdraw his guilty plea.

In addition, as Yelizarov concedes, his challenge to his § 924(c), (j) conviction based on Hobbs Act robbery is foreclosed by this court's decision in *United States v. Mathis*, 932 F.3d 242, 266 (4th Cir. 2019) (holding that Hobbs Act robbery qualifies as a valid predicate for § 924(c) conviction under the force clause). As one panel of this court may not overrule another panel, *see United States v. Heyer*, 740 F.3d 284, 295 (4th Cir. 2014), this claim must fail.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*